*Phillips*, A. G., for the Commonwealth.

———

## COMMONWEALTH *vs.* EDWARD GANNETT.

Evidence of the bad character for chastity of women who frequent a house is competent in support of an indictment against its owner and occupant for keeping a house of ill-fame

Evidence in defence that there has been no disturbance of the peace in such a house is incompetent.

It is sufficient to support an indictment for keeping a house of ill-fame if the defendant has only aided and assisted others in keeping the same.

INDICTMENT for keeping a house of ill-fame. At the trial in the superior court, before *Wilkinson*, J., several watchmen who had visited the house were called as witnesses, and were asked, under objection, what was the character of the women they saw there. The several witnesses testified, in reply, that they knew only one of the several inmates of the house by name; but that they had seen some of them on the street, and recognized them as persons of bad report.

The defendant offered evidence that there was no disturbance about the house, and that there was no annoyance to the citizens in that neighborhood; but the evidence was excluded.

It appeared in evidence that the defendant owned the house in question, and had lived there for a number of years with his family; and, in reference to this, the court instructed the jury, that although the defendant's daughters nominally kept the house, yet if he actually kept it himself, or if he aided and assisted them in keeping and maintaining it for the purposes specified in the indictment, they might find him guilty.

The defendant, having been found guilty, alleged exceptions.

*A. R. Brown,* for the defendant.

*Phillips,* A. G., for the Commonwealth.

BIGELOW, C. J. 1. Evidence of the general character of the females for chastity who frequented the house was competent proof to show that it was of bad repute. *Commonwealth* v. *Kimball,* 7 Gray, 328. It was the general character or reputation of these persons in the community to which the witnesses testified, and not to their actual knowledge of their personal traits or conduct. This is manifest from the fact stated in the exceptions, that the witnesses knew nothing of the females seen in the house except by report.

2. It does not appear that the inquiry concerning the character of these females was extended beyond the issue. In the absence of any statement in the exceptions to the contrary, it must be assumed that the evidence on this point was relevant and material, and was properly confined to their reputation for chastity and good behavior.

3. Evidence that there was no noise or disturbance of the peace in the house, or annoyance to the persons residing in the neighborhood, was wholly immaterial. It did not tend to meet the case proved by the government. The nuisance consisted in keeping a house where wicked and dissolute people resorted, to the injury of good morals, and to the evil example of others. *Commonwealth* v. *Kimball,* 7 Gray, 330.

4. The instructions to the jury were correct. If the defendant aided and assisted others in committing the offence charged in the indictment, he was equally guilty, in the eye of the law, with those who actually hired and controlled the house. In misdemeanors, all who participate in the criminal act are deemed to be principals.               *Exceptions overruled.*